**MAIN, Sheriff v STATE ex FULTON**

Ohio Appeals, 5th Dist, Delaware Co

No 234.   Decided Dec 7, 1933

Winston W. Hill, Delaware, for plaintiff.
John W. Bricker, Attorney General, Columbus, and E. T. Humes, Delaware, for defendant.

## OPINION

By LEMERT, J.

For a proper determination of this case we direct our attention first to §12875 GC which provides in part as follows:

"* * * Nor shall the provisions of §12873 GC make it unlawful for a County Auditor, County Treasurer, Probate Judge, Sheriff, Clerk of Courts, or Recorder, to deposit fees and trust funds coming into their custody as such officers as above, until such time as said aforesaid officers are required to make payment of the official earnings of their offices, so deposited, into their respective fee funds as required by §2983 GC, and until such time as the trust funds so held by them in their official capacities may be paid to the person, persons, firms,

or corporations, entitled to same, and any interest earned and paid upon said deposits shall be apportioned to, and become a part of said fees or trust funds, and shall in no instance accrue to and be received by, the officer making said deposits, for his own use."

We note from the above section that the sheriff may deposit trust funds coming into his possession until such time as said trust funds may be paid to the persons entitled to same.

We further note that two classes of funds are specifically mentioned in the foregoing section—that of trust funds, and of fees. The fees of the Sheriff are earned by him, and he is allowed by law a certain charge for the work he performs in carrying out the duties of his office. The money arising from the sale of real estate, as in this case, is a trust fund, for it has been paid to the Sheriff in trust for the beneficiaries of said sale. This sale can be no different from a partition sale, as the heirs of Margaret Riebel were the beneficiaries of this fund.

In **Preston v Compton, 30 Oh St, 299,** the court lays down this principle:

"Securities received by Sheriff, on a sale of lands under proceedings in partition for deferred payments, are trust funds belonging to the parties in interest in lieu of the land sold, and the Sheriff is not authorized, by virtue of his office, to receive the money secured thereby and give acquittances that will operate to release the purchaser from liability."

On page 303, the court says:
"A sheriff charged by the statute with the duty of taking and distributing securities arising from the sale of land, in proceedings in partition, is a trustee for that purpose, and the persons entitled to the proceeds of the sale are the beneficiaries of such trust. The securities in his hands take the place of the land sold and in that condition are trust funds."

In the instant case the money received by the Sheriff from the sale of the Riebel land took the place of the land so sold and therefore said money is trust money. The foregoing principle of law was later carried out in the case of **Ikert v Wells, 13 O.C.C.,** (N.S.), 213; the court holding:

"A Sheriff who receives money in his official capacity is a bailee and his liability for the loss thereof is to be determined by the law of bailment. A Sheriff having received a sum of money from the sale of lands and pending an order of distribution deposited the money in a local bank of good standing and credit in a separate account to his credit as sheriff and not mingled with his private funds is not liable to amersement because before the fund was paid out the bank failed, and no negligence or bad faith being shown on the part of the sheriff."

There can be no question then but what §12875 GC states specifically that a sheriff may deposit trust funds coming into his possession, that such funds are moneys received by him from the sale of property, and from which proceeds he must account to the beneficiaries of the sale.

So that the question arises from the facts herein before us, what duty was placed upon the sheriff with respect to the money so received from said sale?

Veley E. Main as sheriff received the $3,300, to hold as sheriff for authority from the Court of Common Pleas to distribute said money. There was a proceeding in an action to sell real estate for taxes, and §5713, GC, provides:

"Lands on which taxes have not been paid for four consecutive years shall be sold on foreclosure proceedings, in the same manner as provided for foreclosure of mortgages on land in the State of Ohio."

Sec 11689, GC, provides:
"The officer on making the sale, may retain the purchase money in his hands until the court examines his proceedings, when he shall pay it to the person entitled thereto, under the order of the court."

We therefore find the Sheriff holding $3,300 received by him in his official capacity from the sale of real estate, to be distributed by him to the several beneficiaries, not as yet determined. He then followed the law in respect to this certain trust fund, by depositing this trust money in The Deposit Bank, as Sheriff, to await the order of the court. He made such deposit under authority of §12875 GC, which we have hereinbefore quoted.

The Sheriff in this case was a trustee for the Riebel heirs, and in the settlement of his trust, by virtue of §12875 GC he was bound to protect the money in every reasonable manner, and his duty in the instant case was to deposit the money in the bank, and under the order of the court to apply the money to the satisfaction of the claims

of the Riebel heirs. It can not be contended that the plaintiff had the right to deposit the money in The Deposit Banking Company, and by either express contract or implied contract create the relationship of debtor and creditor—that is, to loan out the trust fund. Such an act would be clearly inconsistent with and in violation of his duty as sheriff and in violation of §12875 GC. This court would not be justified in saying that the sheriff had the purpose of creating a relationship of debtor and creditor with the bank. The fact that §12875 GC specifically mentions trust funds, and the further fact that the act done by the sheriff was in the name of the Sheriff, and, further, that he was a Trustee for the Riebel heirs, negatives the idea that he could create the relationship of debtor and creditor. The bank knew that the money deposited by the Sheriff was not in his name individually, but in the name of the trust which he represented, and it is charged with the knowledge that the plaintiff was forbidden to loan trust funds or, in this case, to make a general deposit of the funds. The bank, of course, became a debtor, but not the debtor of the Sheriff, but of the trust which the Sheriff represented. Under §12875 GC this deposit is not an unauthorized deposit or an illegal deposit, for said statute specifically states that trust money may be deposited in a bank.

This suit is not to recover a specific thing such as particular pieces of money, or bills, but a certain sum of money held in trust, and it is the identity of a fund, and not the identity of the money or currency, which is to be established. All deposits of money may be divided into two classes; namely, those in which the bank becomes bailee of the depositor; the title to the thing deposited remaining with the latter; and that other kind of deposit, of money, in which the depositor, for his own convenience, parts with the title to his money and loans it to the banker, and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand.

It can not be claimed in this case that the Sheriff had the authority to deposit the money received from the sale of real estate as his own money and loan it to the Deposit Bank in consideration of the Bank's agreeing to pay him back the same amount on demand. The Sheriff was a Trustee of the money and, as hereinbefore stated, under no circumstances could he deposit the money and create the relationship of debtor and creditor without violating his trust.

In the case of **Ramisch v Fulton, 11 Law Abstract, page 364,** decided January 11, 1932, by the Court of Appeals of the Sixth District; which case involved the question of whether a deposit of money by a War Veteran received from the Government was a preferred claim; the court says:

"In the instant case the bank must be held to have known that the check deposited by Ramisch represented the proceeds of a loan made to him by the Government, and that when collected the amount thereof was in fact the proceeds of the loan. The bank and every one connected with dealing therewith was also bound to know the law and to know that the proceeds of any such loan was exempt from charge under legal or equitable process."

In the case before us The Deposit Banking Company was bound to know that the $3,300 deposit made by the Sheriff was the proceeds of a sale of real estate, and under §12875 GC was a trust fund, and that the Sheriff as such Trustee was forbidden to loan the money to the bank and create the relationship of debtor and creditor—in other words, the bank was bound to know that said money was trust money and that said bank was, when the money was deposited, holding said money in trust for the beneficiaries of the trust.

We have carefully reviewed the authorities in the brief of I. J. Fulton as Superintendent of Banks, and are of the opinion that the same have no application in this case, for the reason that the money in the instant case is private money and not public money, as the funds of a Treasurer. By Statute, the Treasurer of a county, township, municipality or school board or cemetery association, is bound to deposit the money in his hands and belonging to the Subdivision in accordance with the statutes pertaining thereto, but in the instant case there are no statutes outlining or defining the procedure a Sheriff must take to deposit the money coming into his hands.

The Sheriff therefore having these private moneys in his possession as Trustee, and by authority of Statute depositing said trust moneys in the bank, and the bank thereafter failing, leaves the beneficiary of the trust without recourse if the bank should be hopelessly insolvent, if the court denies preference.

We believe the Sheriff when he deposited this trust money in the bank used the highest degree of care. Now, shall the objects

of the trust, innocent persons, be required to suffer the loss of the money so deposited in trust for each? This court can not subscribe to the above principle, by holding that there is no preference.

The Sheriff herein, Veley E. Main, received $3,300 from the sale of real estate, the same being trust money due to the beneficiaries of said sale: He deposited such trust money as Trustee, legally, in The Deposit Banking Company, under authority of §12875 GC: The bank has closed its doors and is now in the process of liquidation: and we hold that, under the principles hereinbefore set out, the deposit made be and the same is hereby declared a preference as against the said bank, and the same is payable immediately out of the funds in the vaults of the said bank at the time it closed its doors; and the same finding and judgment is rendered in this court as was rendered in the court below. Entry may be drawn accordingly, and exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.